**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| EVELYN ROSELLE BENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-00568 |
| DERRICK E. ROSSER, P.C., | ) | |
| | ) | |
| DERRICK E. ROSSER, | ) | |
| | ) | |
| SCOTT KRONER PLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NEAL LAWRENCE WALTERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ROSSER DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

In 2008, Defendants Derrick E. Rosser, Esq. ("Mr. Rosser") and Derrick E. Rosser, P.C. (the "Firm")[1] represented Hanover Academy in a breach of contract action against Plaintiff Evelyn R. Benton ("Plaintiff") in Virginia state court. That action resulted in the General District Court for Hanover County, Virginia, entering a judgment against Plaintiff on December 8, 2008, which nearly two decades later still remains entirely unpaid. On August 18, 2015, in an action brought by Defendant Neal Lawrence Walters, Esq. ("Mr. Walters") on behalf of Fork Union Military Academy, the General District Court for Fluvanna County, Virginia, entered a judgment against Plaintiff, which likewise remains entirely unpaid.

---

[1] Mr. Rosser and the Firm are collectively referred to as, the "Rosser Defendants."

1

Now, Plaintiff not only seeks to continue her years-long avoidance of the obligations Virginia courts have already found her liable for, but she also baselessly asks this Court to order Defendants to pay her *hundreds of thousands* of dollars for alleged attempts to collect on these judgments. Specifically, Plaintiff's Complaint is premised on the theory that as judgments rendered by Virginia General District Courts, the judgments are subject to an "absolute, non-extendable statutory lifespan" of only ten years. According to Plaintiff, any effort to collect on these judgments after this purported ten-year period constitutes a violation of a laundry list of state and federal statutes.

This is not so. The premise underlying Plaintiff's Complaint—that there is an absolute lifespan of only ten years on all Virginia General District Court judgments—is wholly incorrect. Virginia Code § 8.01-251(F) provides as follows:

> Limitations on enforcement of judgments entered in the general district courts shall be governed by § 16.1-94.1, **unless an abstract of such judgment is docketed in the judgment book of a circuit court. Upon docketing such judgment, such judgment shall be treated as a judgment entered by the circuit court** and may be extended in the same manner as a judgment entered by the circuit court, although the original date of the judgment shall remain the date that it was entered by the general district court.

Va. Code § 8.01-251(F). Put simply, if an abstract of a general district court judgment is docketed in any Virginia circuit court, the judgment is treated as a judgment of that circuit court and the limitations set forth in Virginia Code § 16.1-94.1 on general district court judgments—which Plaintiff relies on as the basis of her entire case—are not applicable.

This is precisely what occurred here. On December 31, 2008, just a few weeks after entry of the judgment against Plaintiff, Mr. Rosser promptly docketed the abstract of judgment in the Clerk's Office of the Circuit Court for Caroline County, Virginia. Docs. 3 ¶ 12, 3-13, 3-14. At that time, pursuant to Virgina Code § 8.01-251(F), the judgment effectively became a judgment entered

2

by the Circuit Court of Caroline County and therefore "shall be treated as a judgment entered by the circuit court" of Caroline County. *Id.* Thus, as a judgment of the Circuit Court of Caroline County, the judgment is enforceable for a period of twenty years—until December 8, 2028. Va. Code § 8.01-251(A). Moreover, pursuant to Virginia Code § 8.01-458, upon the docketing of the judgment, it gave rise to an enforceable lien on Plaintiff's property in Caroline County. Va. Code § 8.01-458.

Thus, Plaintiff's Complaint relies on a fundamental misunderstanding of Virginia law and therefore fails at the threshold. Moreover, even were Plaintiff's faulty interpretation of clear Virginia law accepted, the Complaint nonetheless fails to state any claim upon which relief can be granted. For the following reasons, the Rosser Defendants request respectfully that this Court dismiss this action with prejudice.

## RELEVANT FACTUAL BACKGROUND

1.      In or around 2008, the Rosser Defendants represented Hanover Academy, a private school in Ashland, Virginia, in an action against Plaintiff in the General District Court for Hanover County for breach contract. *See* Doc. 3-4

2.      On December 8, 2008, the General District Court for Hanover County entered judgment against Plaintiff in the principal amount of $2,190.81, plus interest of 18% per annum from February 12, 2008, until paid, $69.00 in costs, and $1,571.00 in attorneys' fees. *Id.*

3.      On December 31, 2008, Mr. Rosser caused the abstract of the judgment to be docketed in the judgment book of the Clerk's Office for the Circuit Court of Caroline County. *See* Docs. 3 ¶ 12, 3-13.

3

4.      On December 31, 2008, by operation of law, the judgment became a judgment of the Circuit Court of Caroline County and "shall be treated as a judgment entered" by that court. Va. Code § 8.01-251(F).

5.      On October 17, 2018, still within ten years of the entry of the judgment, Mr. Rosser had it docketed in the judgment book of the Clerk's Office for the Circuit Court of Henrico County, Virginia.

6.      On October 17, 2018, by operation of law, the judgment became a judgment of the Circuit Court of Henrico County and "shall be treated as a judgment entered" by that court. Va. Code § 8.01-251(F).

7.      As the judgment was docketed in a circuit court and thus "shall be treated" as a judgment entered by the circuit courts wherein it was properly docketed, the judgment is enforceable for at least twenty years from the date of its entry by the General District Court. Va. Code § 8.01-251(A), (F).

8.      Mr. Rosser made no affirmative attempts to collect on the judgment. *See generally* Doc. 3.

9.      Around February 2026, Tammy Dykema ("Ms. Dykema") of Navy Federal Title Services ("Navy Federal") contacted Mr. Rosser's office stating that Plaintiff was applying to refinance property she owned in Caroline County and seeking information on whether the judgment had been paid. *See* Docs. 3 ¶¶ 14–15, 3-11.

10.     By letter dated February 10, 2026, Mr. Rosser sent Ms. Dykema the amounts necessary to pay off the judgment, an accounting, and true copies of the abstracts of judgment docketed in the Henrico and Caroline County Circuit Courts. Docs. 3-11, 3-12, 3-13, 3-14.

11.     Apparently, Navy Federal also sought information on the judgment rendered against Plaintiff by the General District Court for Fluvanna County obtained against Plaintiff by Mr. Walters on behalf of Fork Union Military Academy. *See* Doc. 3 ¶¶ 6, 14–16, 19.

12.     After investigating the matters, Navy Federal determined that the judgments were valid and enforceable liens on the property. *Id.* ¶¶ 20–21.

13.     On February 27, 2026, Plaintiff's "conditional approval" for her refinance expired and Navy Federal withdrew her loan application based on a failure to provide documentation confirming satisfaction of the outstanding judgment liens. Doc. 3-20.

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency." *Lovings v. West*, No. 7:25cv534, 2026 WL 1257361 (W.D. Va. May 7, 2026) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007)). To withstand a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The court need neither accept a complaint's legal conclusions drawn from the facts, nor 'accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)). "[W]here a plaintiff attaches or incorporates a document into their complaint, it is proper to accept the contents of the document(s) over conflicting allegations in the Complaint." *Erwin v. FedEx Freight, Inc.*, No. 3:23cv68, 2023 WL 5959422 (E.D. Va. Sept. 13, 2023).

While pleading by pro se litigants must be construed liberally, "principles requiring generous construction of *pro se* complaints are not, however, without limits." *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* complaint must still 'state a

5

claim that is plausible on its face.'" *Id.* (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

<u>**ARGUMENT**</u>

The entirety of Plaintiff's Complaint[2] rests upon the plainly erroneous legal premise that a judgment rendered in a general district court in Virginia is valid and enforceable for only a period of ten years, without exception. Because Plaintiff simply misinterprets the law, and the judgments were valid and enforceable at all relevant times, Plaintiff's Complaint fails entirely at the threshold. Moreover, despite Plaintiff's contentions that she had an "approved $200,000 mortgage refinancing agreement" in place, the attachments to the Complaint demonstrate that Plaintiff had only obtained "conditional approval" for a loan application. Thus, even were the judgments invalid as Plaintiff incorrectly posits, she could not demonstrate any damages resulting from any actions by Defendants rising above the speculative level.

Further, although Plaintiff asserts various violations of the Fair Debt Collection Practices Act ("FDCPA"), the attachments to the Complaint thwart the allegations of misrepresentations and deceptive practices. And, Plaintiff fails to allege any facts concerning the nature of the underlying debts to demonstrate that such debts are "consumer debts" within the reach of the FDCPA. Plaintiff's Virginia Consumer Protection Act ("VCPA") claims plainly fail because there are no allegations to show that her and Mr. Rosser were ever involved in a "consumer transaction" as defined by the VCPA, nor that Mr. Rosser ever made any misrepresentations as a "supplier" in connection with any "consumer transaction" with Plaintiff. Her fraud claim fails because there are

---

[2] Plaintiff filed her initial Complaint in this action on June 18, 2026. Doc. 1. On June 22, 2026, Plaintiff filed an Amended Complaint as a matter of course. Doc. 3. All references herein to the "Complaint" or "Plaintiff's Complaint" refer to the Amended Complaint filed on June 22, 2026. Doc. 3.

no allegations that Mr. Rosser made any representation to Plaintiff upon which she then reasonably relied to her detriment. Plaintiff's claims for forgery and false pretenses—premised on a Virginia criminal statute—fail in that these provisions do not support a cause of action for civil liability and there are no allegations that Mr. Rosser wrongfully obtained any benefit. Indeed, the still valid judgment remains entirely unpaid. Plaintiff fails to satisfy any of the elements of a claim for slander of title under Virginia law. Finally, Plaintiff's claim for tortious interference with business expectancy fails as she has not pled facts sufficient to demonstrate a valid business expectancy, and the facts alleged fail to show any intentional interference by Mr. Rosser with any business expectancy of which he was aware.

1. <u>**The Judgments Remain Valid and Plaintiff's Complaint Fails Entirely as a Result**</u>.

Citing to Virginia Code §§ 16.1-94.1 and 16.1-69.55(B)(4), Plaintiff asserts that Virginia "mandates an absolute 10-year limitation from the date of entry" of a district court judgment for enforcement of such judgment. Doc. 3 at 8. She then claims that, based on her view that the judgments were expired and unenforceable pursuant to this supposed rule, Defendants alleged attempts to collect on them were in violation of the law. Plaintiff is incorrect and her Complaint is premised on a misapprehension of Virginia law.

Virginia Code § 16.1-94.1 does subject Virginia general district court judgments to enforcement limitations in certain circumstances. Virginia Code § 16.1-69.55(B)(4) is a corollary statute that provides a mechanism by which the limitations imposed by § 16.1-94.1 may be avoided. Neither of these provisions, however, is applicable here. Rather, Virginia Code § 8.01-251(F) is controlling and dispositive of Plaintiff's Complaint.

As discussed *supra*, Virginia Code § 8.01-251(F) provides that the limitations of § 16.1-94.1 are not applicable where an abstract of a Virginia general district court judgment is docketed

in the judgment book of a circuit court. Instead, in such circumstances, the judgment "shall be treated as a judgment entered by the circuit court," which is enforceable for a period of twenty years. Va. Code § 8.01-251(A), (F). Contrary to Plaintiff's contentions, there exists no requirement that the judgment be set forth in a separate circuit court abstract—only that the abstract of the general district court judgment be docketed in the circuit court.

The allegations and attachments to Plaintiff's Complaint demonstrate that this is precisely what occurred here. Plaintiff alleges that Mr. Rosser copied the abstract of the judgment from the Hanover County general district court and had that abstract recorded in the land records of Caroline County and Henrico County. Doc. 3 ¶ 12; *see also* Docs. 3-11, 3-12, 3-13, 3-14. Contrary to Plaintiff's contentions, this is all that is required to effectively convert the general district court judgment into a judgment of the circuit court—there exists no requirement that additional fees be paid to have a separate abstract of judgment prepared by the circuit court, only that the abstract of the general district court's judgment be docketed in the circuit court as occurred here. Va. Code § 8.01-251(F).

Thus, under Virginia Code § 8.01-251(F), upon Mr. Rosser's docketing of the general district court's judgment in the circuit courts, it became a judgment of the circuit courts wherein it was docketed and is enforceable for a period of twenty years—until December 8, 2028.[3] As all Plaintiff's claims rely entirely on the purported invalidity and unenforceability of the judgment, the Complaint fails as a matter of law and must be dismissed with prejudice.

---

[3] Contrary to Plaintiff's assertion, the judgment may also be extended even beyond this period. Va. Code § 8.01-251(F).

### 2. **FDCPA Claim Fails**.

The FDCPA generally prohibits the use of "false, deceptive or misleading representation or means" in the collection of any debt by a debt collector. *See* 15 U.S.C. § 1692e. Here, Plaintiff appears to claim that Mr. Rosser violated the FDCPA by both misrepresenting the legal status of the debt and by altering the abstract of judgment to remove the middle initial and change the address. Doc. 3 at 7. As a threshold matter, because the judgment is valid and enforceable for the reasons already discussed, Plaintiff's FDCPS claims fail. Nonetheless, even assuming *arguendo* that the judgment was not enforceable, the attachments to the Complaint wholly contradict these claims in any event.

In her Complaint, Plaintiff alleges that Navy Federal discovered the judgment liens in the property records and flagged them as potential clouds on the property. Doc. 3 ¶ 14. Navy Federal then reached out to Defendants to request payoff figures for the judgments. *Id.* ¶ 15. The Complaint then alleges that Mr. Rosser violated the FDCPA by sending a "fraudulent collection demand," which is attached to the Complaint as Exhibit I. *Id.* ¶ 17; *see also* Doc. 3-11. Next, Plaintiff alleges that Mr. Rosser further violated the FDCPA by altering the abstract of judgment by removing the middle initial and "forging" a new address for Plaintiff. *Id.* ¶ 18.

A review of the attachments reveals that Plaintiff's allegations are wholly unsupported. What Plaintiff describes as a "fraudulent collection demand" is simply a straightforward letter identifying the date of the judgment, the original amount, the dates of docketing in the circuit court, and the outstanding balance owed as of the date of the letter. Doc. 3-11. The letter does not make any representations as to the life of the judgment, its validity, or misrepresent anything at all. *See id.* It is a standard and completely appropriate letter in response to an inquiry about the amount

9

remaining unpaid on the judgment. This does not constitute a violation of the FDCPA under any interpretation.

Moreover, the abstracts of the judgment that Mr. Rosser provided in connection with the letter, attached to the Complaint as Exhibits I-3 and I-4, respectively, thwart Plaintiff's contentions that Mr. Rosser altered the document in any manner. *See* Docs. 3-13, 3-14. While Plaintiff claims that Mr. Rosser altered the documents to remove the middle initial, the middle initial "B" remains in both abstracts of judgment. *Compare* Doc. 3 ¶ 18 (alleging that Mr. Rosser altered the abstracts by removing the middle initial "B" therefrom); *with* Doc. 3-13, 3-14 (recorded unaltered abstracts of judgment with middle initial "B" included). And, whereas Plaintiff claims that Mr. Rosser removed the Maryland P.O. Box address from the abstracts and "forg[ed] Plaintiff's actual Ruther Glen property address onto the collection record," the unaltered abstracts show this was not at all the case. Both abstracts are unaltered and list the Maryland P.O. Box. Docs. 3-13, 3-14 (recorded unaltered abstracts listing Maryland P.O. Box address).

Finally, Plaintiff's Complaint is entirely devoid of any details surrounding what the underlying debts were for. Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . ." 15 U.S.C. § 1692a(5). Thus, to assert a claim under the FDCPA, Plaintiff was required to allege facts demonstrating that the underlying judgments constitute a "debt" within the meaning thereof. This Plaintiff has not done so, as she has failed to include any allegations concerning the nature of the underlying debt.

Accordingly, even if Plaintiff were correct that the judgments were not legally enforceable after ten years—she is not—she nonetheless has still failed to state any claim under the FDCPA.

10

### 3. **VCPA Claims Fail**.

Next, Plaintiff's claims under the VCPA likewise fail even if her erroneous interpretation of Virginia law is accepted as correct. The VCPA prohibits "suppliers" from engaging in certain "fraudulent acts or practices" in connection with a "consumer transaction." *See* Va. Code § 59.1-200. The VCPA identifies six different forms of "consumer transaction" to which it is applicable. Va. Code § 59.1-198. None of these forms of "consumer transaction" describe any transaction engaged in between Mr. Rosser and Plaintiff. Indeed, Mr. Rosser was opposing counsel to Plaintiff in the underlying case, and he plainly never engaged in any "consumer transaction" with respect to Plaintiff and never acted as a "supplier" of any goods or services obtained by Plaintiff. Put simply, the VCPA plainly does not apply to govern the relationship between Mr. Rosser and Plaintiff, which is not that of consumer and supplier in a "consumer transaction," but rather that of adversaries in court proceedings.[4]

### 4. **No Claim for Fraud**.

Plaintiff has also failed to state any claim for fraud against the Rosser Defendants. In Virginia, a claim for fraud requires (1) a false representation; (2) of material fact; (3) made intentionally and knowingly; (4) with the intent to mislead; (5) justifiable reliance by the party misled; and (6) resulting damage to the party misled. *Winn v. Aleda Const. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). Plaintiff's Complaint fails to satisfy any one of these elements, let alone all six.

Plaintiff does not allege that Mr. Rosser made any misrepresentation to her at any point. Instead, she avers that Mr. Rosser misrepresented the legal status of the judgment not to her, but

---

[4] Further, the VCPA does not apply to legal services in any event. *See, e.g., Oberto v. Grogan*, 88 Va. Cir. 188, 2014 WL 8383045, at *2 (Richmond City Cir. Ct. Apr. 18, 2014) ("No matter if by definition or preemption, the VCPA does not apply to legal services.").

rather to Navy Federal.[5] Thus, the first element of misrepresentation is missing. Moreover, as Mr. Rosser never made any representations to Plaintiff, Plaintiff did not rely on any representations he made. And, as Mr. Rosser stood in the position of counsel for Plaintiff's adversary, Plaintiff could not have—as a matter of law—justifiably relied on any representations Mr. Rosser made.[6] *See Ayyildiz v. Kidd*, 220 Va. 1080, 1085, 266 S.E.2d 108, 112 (1980) (discussing the absence of "foreseeable reliance" by one party on conduct committed by an opposing party's attorney). Finally, Plaintiff cannot demonstrate any damages as no amounts were dispersed to Mr. Rosser or his client and the judgment remains entirely unpaid.

### 5. <u>No Claims for Forgery or False Pretenses</u>.

As a threshold matter, Plaintiff's claims for forgery and false pretenses fail for the same reason as her fraud claim. Specifically, Plaintiff does not allege that Mr. Rosser made any misrepresentations to her, rather seeking to assert the rights of a third party—Navy Federal—based on purported misrepresentations made to it. This she cannot do. And, again, Mr. Rosser never received any benefit as the money was never paid and the judgment is still wholly unsatisfied. Thus, Mr. Rosser never obtained anything by way of forgery, false pretenses, or any other means.

Additionally, Plaintiff improperly relies on a criminal statute—Va. Code 18.2-178—in support of these claims. This statute, however, does not provide Plaintiff with a civil cause of action for damages. Thus, the claims are not recognized under Virginia law and therefore fail for that reason as well. *See Vansant and Gusler, Inc. v. Washington*, 245 Va. 356, 429 S.E.2d 31 (1993) (affirming trial court's dismissal of civil claim based on alleged violation of criminal statute that

---

[5] Again, the letter contradicts the allegations and shows that Mr. Rosser did not make any misrepresentations whatsoever, whether to Navy Federal or to Plaintiff. Doc. 3-11.

[6] Indeed, Plaintiff does not even claim that she relied on any representations by Mr. Rosser, rather only alleging Navy Federal did so. Doc. 3 at 10 ¶ 9.

did not explicitly provide for civil right of action); *Morris v. Massingill*, 59 Va. Cir. 426, 2002 WL 31990275, at *4 (Norfolk City Cir. Ct. Sept. 6, 2002) ("Virginia law does not recognize implied civil remedies for violations of criminal statutes.").

### 6.   Slander of Title Insufficiently Pled and Barred by Privilege.

Next, Plaintiff's attempt to assert a claim for slander of title fails for several reasons. A claim for slander of title requires (1) the uttering and publication of slanderous words by the defendant; (2) the falsity of the words; (3) malice; and (4) special damages. *Lodal v. Verizon Virginia, Inc.*, 74 Va. Cir. 110, 2007 WL 5984179, at *2 (Fairfax Cty. Cir. Ct. Aug. 27, 2007).

To start, the Complaint fails to establish the uttering of false or slanderous words. While Plaintiff asserts that Mr. Rosser's submissions to Navy Federal were false, there is entirely nothing false about Mr. Rosser's letter, payoff statement, or the abstracts. Reviewing these documents, they tell the straightforward narrative of when the judgment was obtained, when it was recorded, and what amounts remain to satisfy it. *See* Doc. 3-11. This simply does not amount to the publication of any slanderous words under any interpretation.

Next, Plaintiff fails to properly allege malice, only making conclusory allegations of malice without factual support and which are undercut by the exhibits to the Complaint. *See Preston v. Land*, 220 Va. 118, 120–21 (1979) (defining malice in context of slander of title as "some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injury plaintiff . . ."). Further, Plaintiff has not satisfied the "special damages" requirement for a claim of slander of title. While Plaintiff attempts to satisfy this requirement by alleging that her "approved $200,000 refinancing contract with Navy Federal" was terminated, the attachments show that no such contract ever existed. *See* Doc. 3-20. Rather, Plaintiff had only "conditional approval." *Id*. Thus, the attachments show that Plaintiff did not suffer the "special damages" she claims. Moreover, no

13

Virginia court appears to have ever recognized the withdraw of conditional approval of a refinance application as "special damages" in a claim for slander of title, and this Court should decline to extend Virginia law to such circumstances.

Most importantly, the allegations of the Complaint establish on their face that the claim for slander of title is barred by Virginia's absolute litigation privilege. The Supreme Court of Virginia has long recognized that "words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged from subsequent charges of defamation." *See Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 265, 863 S.E.2d 684,687 (2021). Importantly, the privilege is not limited to statements made within the confines of the courtroom and applies to any statements that are "relevant and pertinent" to the judicial matter. *Id.* at 688 ("As to the degree of relevancy or pertinency necessary to bring the alleged defamatory matter within the privilege, the courts favor a liberal rule. Thus, the matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that no reasonable man can doubt it irrelevancy and impropriety."). This includes the filing of a lien even before a judicial proceeding is initiated. *Donahoe Const. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 369 S.E.2d 857 (1988). It also includes the filing of a notice of *lis pendens* during the course of proceedings. *Givago*, 863 S.E.2d at 687.

Like the filing of a mechanic's lien or *lis pendens*, the docketing of an abstract of judgment or statements about the amount of the judgment are done in connection with litigation under Virginia law and cannot serve as the basis for a claim for slander of title. Here, Mr. Rosser's actions of docketing the judgment and offering a straightforward and truthful response to Navy Federal upon its inquiry are actions taken in connection with a judicial proceeding that are plainly protected from a claim of slander of title.

14

**7.  <u>No Claim for Tortious Interference</u>**.

Plaintiff also fails to state any valid claim for tortious interference with a business expectancy. Under Virginia law, such a claim requires (a) the existence of a business expectancy with a probability of economic benefit to the plaintiff; (2) defendant's knowledge of that relationship or expectancy; (3) a reasonable certainty that, absent defendant's intentional misconduct, the plaintiff would have realized the expectancy; (4) interference by improper methods; and (5) damages resulting from that improper interference. *BB&T Ins. Servs., Inc. v. Thomas Rutherfoord, Inc.*, 80 Va. Cir. 174, 2010 WL 7373709, at *6 (Richmond City Cir. Ct. Feb. 9, 2010).

To start, the Complaint fails to establish a valid business expectancy. Again, while Plaintiff characterizes this as an approved arrangement, the attachments show that her refinance application had only been conditionally approved. Thus, there existed no valid business expectancy beyond the speculative level. Further, Plaintiff's allegations do not demonstrate that Mr. Rosser knew of any business expectancy and then intentionally interfered with it. Rather, the allegations are that Mr. Rosser responded to an inquiry from Navy Federal about the lien and then provided information responsive to that request. This is well short of the "improper means" element of a claim for tortious interference with a business expectancy, and Mr. Rosser's responding to an inquiry about the outstanding balance of the lien is nowhere close to showing knowledge of any business expectancy and any intention to interfere therewith.

**8.  <u>Plaintiff's Additional Claims Fail</u>**.

Plaintiff also raises claims for "unlawful enforcement of expired district court judgments." These are not claims recognized under Virginia law. And, the statutes Plaintiff cites to in support of the claim do not provide for any private cause of action, and they are not applicable here in any

event as discussed *supra*. Because Plaintiff has failed to state any valid claim, her request for a declaratory judgment quieting title should also be rejected. Moreover, this request is unsupported as the judgments remain valid and enforceable for the reasons already discussed.

**CONCLUSION**

For the foregoing reasons, the Rosser Defendants request respectfully that this Court dismiss this action with prejudice.

Dated:  July 13, 2026                            Respectfully submitted,

                                                 **DERRICK E. ROSSER, P.C.,**

                                                 **and**

                                                 **DERRICK E. ROSSER,**

                                                 By Counsel

/s/    Brian P. Clarke
Jeffrey H. Geiger (VSB No. 40163)
Brian P. Clarke (VSB No. 96920)
SANDS ANDERSON PC
919 East Main Street, Suite 2300 (23219)
P. O. Box 1998
Richmond, Virginia  23218-1998
Telephone:  (804) 648-1636
Facsimile:  (804) 783-7291
E-mail:  jgeiger@sandsanderson.com
*Counsel for Rosser Defendants*

16

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July, 2026, I will electronically file the foregoing using the Court's CM/ECF system, and I will mail a copy to the following non-CM/ECF user:

> Evelyn Roselle Benton
> 1817 Pump Road
> Henrico, VA 23238
> Plaintiff *pro se*

> /s/   Brian P. Clarke
> Jeffrey H. Geiger (VSB No. 40163)
> Brian P. Clarke (VSB No. 96920)
> SANDS ANDERSON PC
> 919 East Main Street, Suite 2300 (23219)
> P. O. Box 1998
> Richmond, Virginia  23218-1998
> Telephone:  (804) 648-1636
> Facsimile:  (804) 783-7291
> E-mail:  jgeiger@sandsanderson.com
> *Counsel for Defendants*

17