**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| EVELYN ROSELLE BENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-00568 |
| DERRICK E. ROSSER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ROSSER DEFENDANTS' REPLY IN SUPPORT OF**
**12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

Derrick E. Rosser and Derrick E. Rosser, P.C. (the "Rosser Defendants"), by counsel, state as follows for their Reply in Support of 12(b)(6) Motion to Dismiss Amended Complaint. (Doc. 8).

## INTRODUCTION

In this action, Plaintiff attempts to sue Mr. Rosser, a well-respected attorney with forty years of experience, based merely on his having answered an inquiry regarding a judgment a client of his had obtained eighteen years prior. After Mr. Rosser's client, Hanover Academy, a private school in Hanover County, Virginia, obtained a general district court judgment in the principal amount of $2,190.81 against Plaintiff in 2008, he promptly docketed a true copy of the abstract of that judgment in the Circuit Court for Caroline County, where Plaintiff owned property. Nearly eighteen years later, in 2026, Mr. Rosser received a call from Navy Federal advising that Plaintiff had applied for a refinance of her property in Caroline County to which the judgment lien had attached, and inquiring as to the outstanding amount needed to pay it off. Mr. Rosser then provided this information to Navy Federal.

Plaintiff has now embarked on a campaign against Mr. Rosser in an improper attempt to both avoid paying the judgement and baselessly punish Mr. Rosser for simply doing his job.[1] The primary basis of Plaintiff's claim is her assertion that because the judgment was a general district court judgment, it was enforceable for only a period of ten years, and therefore Mr. Rosser having provided the outstanding amount after that time allegedly violated a laundry list of federal and state laws. Mr. Rosser has asserted throughout that, pursuant to *Code of Virginia* § 8.01-251(F), upon Mr. Rosser's docketing of the judgment in the Caroline County Circuit Court, it was to be "treated as a judgment entered by the circuit court" and thus enforceable for a period of twenty years as such. (*See generally* Doc. 9).

In July of this year, the General Assembly amended this statute to no longer allow the docketing of an abstract of a general district court judgment to extend the traditional ten-year lifespan of such judgment. The Bill's stated purpose was to amend the statute to provide that for general district court judgments entered on or after July 1, 2026, the docketing of such judgments in a circuit court shall not expand the ten-year lifespan, which it confirmed as what occurred under the law as it existed prior to the amendment. In other words, the General Assembly itself interpreted the statute as Mr. Rosser has said it was all along—docketing an abstract of a general district court judgment in a circuit court makes that judgment enforceable as a judgment of that circuit court for a period of twenty years—and it changed that law. But it did so only for judgments entered on or after July 1, 2026. Thus, if there was any doubt as to whether the judgment was enforceable at the time of the inquiry—of which there should be none to begin with based upon

[1] Plaintiff first filed an action against Mr. Rosser in the General District Court for Henrico County, Virginia. After Mr. Rosser filed a demurrer to Plaintiff's Bill of Particulars, Plaintiff non-suited that action. She subsequently filed this action. Now, Plaintiff has also filed a complaint with the Consumer Financial Protection Bureau ("CFPB") against Mr. Rosser.

the plain terms of the statute—the General Assembly has now resolved it, making clear that Mr. Rosser's docketing of the judgment in the circuit court made it enforceable as a judgment of that court for a period of twenty years—until December 8, 2028.

Plaintiff also claims that the judgment is not valid because she says it was entered against a "stranger out of state." It admittedly remains unclear what Plaintiff's true legal name is. She filed this action in the name of Evelyn Rosselle Benton. Just last week, however, she filed her CFPB complaint against Mr. Rosser in the name of Evelyn Sinkler. Throughout the last several years, she has filed numerous actions in this Court under both names, Sinkler and Benton. Irrespective of whatever name is most convenient in these proceedings, make no mistake—Plaintiff participated fully in the proceedings and is the person whom the judgment was entered against. Plaintiff's attempt to play "name games" to avoid paying the judgment should be rejected, and a name change does not render the judgment invalid.

Plaintiff claims that Mr. Rosser went so far as to forge documents in an attempt to collect on his client's judgment eighteen years after its entry. In her Amended Complaint, Plaintiff asserted that Mr. Rosser forged abstracts of judgment he provided to Navy Federal by altering her name and address. The abstracts provided to Navy Federal, however, were attached to Plaintiff's Complaint and were completely unaltered, wholly disposing of this accusation. Now, Plaintiff has changed her claim. She no longer claims that Mr. Rosser altered the abstracts of judgment—he did not. Instead, she now appears to claim that he altered the accounting summary document that he himself prepared. This claim makes no sense and it should be summarily dismissed.

Plaintiff dedicates much of her brief with difficult to follow arguments centered on her contention that the Rosser Defendants adopted representations made, or documents filed, by their co-defendants. It is entirely unclear what Plaintiff is referring to. Aside from the instant filing, the

only brief the Rosser Defendants have filed with the Court in this case is the initial brief in support of this motion to dismiss. This brief was filed before any other defendant had made any filing in the case and did not—and could not possibly—adopt representations that had not been made.

For the following reasons, the Rosser Defendants request respectfully that this Court grant their motion to dismiss, (Doc. 8), and dismiss this action with prejudice.

## ARGUMENT

1. **The Judgment is Valid and Enforceable**.

In her Amended Complaint, Plaintiff contended that a general district court judgment is valid for only a period of ten years, without exception. (Doc. 3 ¶ 2 ("Under long-standing Virginia law, money judgments rendered in a General District Court possess and absolute, non-extendable lifespan of ten (10) years.")). Plaintiff now changes her theory, conceding that such judgments may be extended, but asserting that the only manner to do so is via *Code of Virginia* § 16.1-69.55(B)(4). Plaintiff is incorrect. Pursuant to *Code of Virginia* § 8.01-251(F), the docketing of an abstract of a general district court judgment in any circuit court in Virginia makes it such that the judgment "shall be treated as" a judgment of that circuit court and is enforceable for a period of twenty years. Indeed, the General Assembly reached the same interpretation of the statute when it amended it earlier this year. Thus, Plaintiff's interpretation of Virginia law is incorrect, and her Amended Complaint fails as a result.

Plaintiff is correct that *Code of Virginia* § 16.1-94.1 sets a general ten-year enforcement period for general district court judgments. She is also correct that *Code of Virginia* § 16.1-69.55(B)(4) provides one means of extending this period—by paying certain fees and having the judgment docketed in the circuit court covering the same jurisdiction as the general district court

that entered the judgment. Where Plaintiff is incorrect is in her contention that this is the only means by which the enforceability of a general district court judgment may be extended.

Until July 1, 2026, *Code of Virginia* § 8.01-251(F) read as follows:

> Limitations on enforcement of judgments entered in the general district court shall be governed by § 16.1-94.1, **unless an abstract of such judgment is docketed in the judgment book of a circuit court. Upon docketing such judgment, such judgment shall be treated as a judgment entered by the circuit court** and may be extended in the same manner as a judgment entered by the circuit court, although the original date of the judgment shall remain the date that it was entered by the general district court.

Va. Code § 8.01-251(F) (prior to July 1, 2026) (emphasis added).[2]

The plain terms of this statute are clear. Where an abstract of a general district court judgment is docketed in a circuit court, the limitations on enforcement set forth in § 16.1-94.1—and by logical extension, the corollary mechanism at § 16.1-69.55(B)(4)—do not apply. Instead, upon such docketing, the judgment is to be "treated as a judgment entered by the circuit court." A circuit court judgment prior to July 1, 2021, is enforceable for a period of twenty years. Va. Code § 8.01-251(A). Thus, to treat the judgment as a judgment of the circuit court would mean that it would likewise be enforceable for a period of twenty years. Otherwise, the judgment would not be "treated as a judgment entered by the circuit court"—it would be treated differently and subject to a different enforcement period, inconsistent with the mandate of the statute. Thus, as Mr. Rosser has argued throughout, upon his docketing of the judgment in the Caroline County Circuit Court, the judgment effectively became a judgment of that court, was to be treated as a judgment of that

[2] Plaintiff argues that because this provision is in Title 8.01 of the *Code of Virginia*, it does not apply to general district court judgments but only deals with circuit court judgments. This argument lacks any merit. The statutes plain terms speak to the enforceability of general district court judgments.

court, and was and is therefore enforceable for a period of twenty years—until December 8, 2028 (or longer if extended further).

If there was any doubt as to Mr. Rosser's interpretation of § 8.01-251(F), the General Assembly has now resolved it. Effective July 1, 2026, the General Assembly amended the statute, which now reads, in pertinent part, as follows:

> Limitations on enforcement of general district court judgments shall be governed by § 16.1-94.1. For judgments entered in a general district court prior to July 1, 2026, if an abstract of such judgment is docketed in the judgment book of a circuit court, such judgment shall be treated as a judgment entered by the circuit court and may be extended in the same manner as a judgment entered by the circuit court, although the original date of entry of the judgment shall remain the date that was entered by the general district court.

Va. Code § 8.01-251(F). The Bill Summary before the General Assembly identified the purpose of the amendment as follows:

> **Bill Summary**: Provides that, for judgments entered in the general district court on or after July 1, 2026, **the docketing of an abstract of such judgment in the circuit court shall not affect the 10-year limitation period to enforce such judgment.** Under current law, such docketing allows a general district court judgment to be treated as a judgment entered by the circuit court and may be extended in the same manner as a judgment entered by the circuit court.

The General Assembly recognized that the then-effective version of § 8.01-251(F) did what Mr. Rosser argues it does—makes it such that the docketing of a general district court judgment in a circuit court affected the ten-year enforcement period set forth in § 16.1-94.1 and allowed such judgment to be treated as a judgment entered by the circuit court. And, it sought to amend that to no longer allow this. It only did so, however, with respect to judgments entered on or after July 1, 2026. Thus, under the law applicable to Plaintiff's claims, it is abundantly clear that Mr. Rosser's docketing of the judgment in the Caroline County Circuit Court made it enforceable as a judgment of that court for a period of twenty years.

As the judgment was valid at the time Mr. Rosser answered the inquiry from Navy Federal, and still remains valid today, Plaintiff's Amended Complaint fails at the threshold and should be dismissed with prejudice in its entirety.[3]

2. **Plaintiff's Names**.

Perhaps recognizing that her ten-year enforcement period argument does not hold water, Plaintiff further alleges that the judgment was entered against a "stranger out of state," and she says it is also invalid for this reason. As a threshold matter, it remains unclear what Plaintiff's true legal name is. In her brief, Plaintiff states that the name "Evelyn Rosselle" did not exist until 2013. However, she filed actions with this Court in the name of "Evelyn Sinkler" in both 2019, *Sinkler v. Equifax Info. Sys.*, No. 3:19-cv-00120, and in 2024, *Sinkler v. Wyndham Vacation Resorts, Inc.*, No. 1:24-cv-02364. She also filed actions in this Court in the name of "Evelyn Benton" in both 2017, *Benton v. Phillips Edison & Co., Ltd.*, No. 3:17-cv-00630, and in 2023, *Benton v. Home Max Realty, Inc.*, No. 3:21-cv-00311, *Benton v. Berkshire Richmond LLC*, No. 3:23-cv-00704. While she filed this action in the name of "Evelyn Roselle Benton," she filed just a few weeks ago a complaint with the Consumer Financial Protection Bureau in the name of Evelyn Sinkler.

In the general district court action against Hanover Academy, Plaintiff was identified as "Evelyn B. Sinkler," and that is how she is identified on the corresponding abstracts of judgment. She never claimed that she had been incorrectly identified and she even signed pleadings in this name during the course of those proceedings. Irrespective of what name she now goes by, Plaintiff participated fully in the proceedings and the judgment was against her. Plaintiff's moving or

[3] Plaintiff further asserts that the lien arising pursuant to *Code of Virginia* § 8.01-458 does not apply to general district court judgments. (*See* Doc. 26 at 7). This is incorrect. By its plain terms, § 8.01-458 applies to "[e]very judgment for money rendered in this Commonwealth by any state or federal court . . ."

changing her name does not render the judgment against a "stranger out of town" and this Court should reject Plaintiff's improper attempts to play "name games" to avoid liability on the judgment. Moreover, even if the abstract does include an incorrect middle initial, this does not render the judgment invalid or unenforceable as she claims. *See, e.g.*, Va. Code § 8.01-428(B).

3. **Plaintiff's Allegations of Forgery are Nonsensical**.

Plaintiff avers that Mr. Rosser forged legal instruments in his allegedly wrongful attempt to collect on the judgment. In her Amended Complaint, Plaintiff alleged that Mr. Rosser had altered the abstracts of judgment he provided to Navy Federal in response to its inquiry. (Doc. 3 ¶ 18 ("To invent a fraudulent connection to the escrow funds, Defendant Rosser materially altered the official court abstract . . .")). The abstracts that Mr. Rosser provided to Navy Federal were attached as exhibits to Plaintiff's Amended Complaint. (Docs. 3-13, 3-14). Neither was altered in any manner.

Now, Plaintiff alleges that Mr. Rosser altered a different "instrument," claiming the accounting summary that he sent Navy Federal was "fraudulent." The accounting summary Plaintiff refers to is also attached as an exhibit to her Amended Complaint. (Doc. 3-12). This is a document that Mr. Rosser himself prepared that simply summarizes the pertinent information regarding the debt. It is in no way a legal "instrument" of any kind, nor does it purport to be in any manner. And, as Mr. Rosser himself created this document, it is not forged. Mr. Rosser's creating an accurate summary of the amounts outstanding by no means constitutes fraud or forgery, nor any other form of improper conduct. Plaintiff's initial allegations were proven to be incorrect by her own exhibits, and her attempts to salvage the claim by now saying Mr. Rosser altered a different document—which is a summary document he created in its original form—must fail.[4]

[4] Plaintiff also complains throughout her brief about the interest rate of 18% per annum, stating that the judgment was for only 8% per annum. This is incorrect. The judgment in favor of Hanover Academy provided for 18% interest per annum from February 12, 2008. (Docs. 3-13, 3-14).

4. **<u>Plaintiff's VCPA Claims Fail</u>**.

Plaintiff argues that she may bring a claim under the Virginia Consumer Protection Act ("VCPA") against Mr. Rosser. The VCPA protects against misrepresentations made in connection with a consumer transaction.

Plaintiff points to two "consumer transactions" she says support this claim against Mr. Rosser. First, she claims her obtaining of educational services from Hanover Academy was a consumer transaction. (Doc. 26 at 16). Next, she claims "mortgage refinancing is a classic consumer transaction." (*Id.* at 18). Even assuming *arguendo* these are "consumer transactions" under the VCPA, this still does not give rise to any VCPA claim by Plaintiff against Mr. Rosser.[5]

The transactions that Plaintiff describes were not entered into with Mr. Rosser. With respect to the educational services, Hanover Academy was the supplier in that transaction. Mr. Rosser has never been involved in any transaction to provide Plaintiff with educational services, nor any other consumer goods or services. As to mortgage refinancing, that transaction was between Plaintiff and Navy Federal. Mr. Rosser has never been involved in any transaction to provide Plaintiff refinancing services. Mr. Rosser's only relationship to Plaintiff is that he acts as counsel for Hanover Academy, to whom Plaintiff was adverse. Thus, the "consumer transactions" that Plaintiff relies upon for her VCPA claims are not transactions that had anything to do with Mr. Rosser, and they do not give rise to any VCPA claim against him.

5. **<u>Mr. Rosser Has Not Adopted Any Representations or Documents</u>**.

A great deal of Plaintiff's brief is addressed at admissions and allegedly altered documents that she claims were submitted by Mr. Rosser's co-defendant in this action, Neal Lawrence

[5] Plaintiff's Amended Complaint did not include any allegations identifying the nature of the debts from which it could be inferred they were "consumer debts" subject to the FDCPA. Plaintiff cannot cure the deficiencies of her Amended Complaint by adding new allegations in her response brief.

Walters. Specifically, Plaintiff seems to aver that Mr. Walters made some admission to the CFPB that the judgment he obtained in favor of Fork Union Military was invalid, and she alleges that Mr. Walters altered a "Borrower Authorization" form attached to his motion to dismiss. (*See* Doc. 15-1). She then claims that Mr. Rosser has adopted these admissions and exhibits as his own.

To start, Mr. Rosser has not adopted any admissions or documents filed by anyone else, and it is entirely unclear why Plaintiff believes this to be the case. Prior to the instant reply brief, Mr. Rosser's only filings in this case came before any other defendant filed anything, and he did not and could not have adopted statements or documents that had not even yet been made or introduced. Additionally, anything Mr. Walters represented about the status of a different judgment does not have any bearing upon the status of the judgment obtained by Mr. Rosser on behalf of Hanover Academy.

Essentially, Plaintiff seeks to attribute statements and documents to Mr. Rosser that he has not made or adopted, and then she seeks to hold him liable based upon these unfounded claims. Her reliance on "Exhibit M", which she failed to attach, or any representations by other defendants, is wholly misplaced with respect to Mr. Rosser.

6. **Plaintiff's Fraud Claims Fail**.

In her opposition brief, Plaintiff identifies Mr. Rosser's February 10, 2026 letter to Navy Federal as the allegedly fraudulent statement upon which her claim for fraud is based. (Doc. 26 at 24; *see also* Doc. 3-11). This letter does not give rise to a claim for fraud by Plaintiff against Mr. Rosser. First, there is simply nothing fraudulent about the letter in any manner, which simply states the facts surrounding the judgment and the outstanding amounts. Second, this was a statement made to Navy Federal, not to Plaintiff, and it therefore does not give rise to an actionable claim for fraud by Plaintiff. Third, Plaintiff does not allege that she relied on this statement in any

manner, nor can she. Indeed, as Mr. Rosser was the attorney for Plaintiff's adversary, she could not have justifiably relied upon any representations made by him as a matter of law. *See Ayyildiz v. Kidd*, 220 Va. 1080, 1085 (1980) (recognizing the absence of any "foreseeable reliance" by one party on the other party's attorney's conduct). Thus, Plaintiff's fraud claim plainly fails.

7. **Plaintiff's Amended Complaint Must Be Dismissed**.

While Plaintiff asserts a wide array of different claims, whatever she calls them, they all arise from the same fundamental premise—that the judgment was invalid and unenforceable and therefore Mr. Rosser's responding to Navy Federal's inquiry about it violated the law in some manner. This premise is unsupported. The judgments were valid at the time Mr. Rosser responded to the inquiry, and they remain valid and enforceable today. At bottom, Plaintiff essentially seeks to collaterally attack that judgment in hopes that this Court will find it invalid and she will be able to avoid having to pay it. This is improper and the Court should reject it.

## CONCLUSION

For the foregoing reasons, the Rosser Defendants request respectfully that this Court grant their motion to dismiss and dismiss this action with prejudice.

Dated: August 13, 2026

Respectfully submitted,

**DERRICK E. ROSSER, P.C., and**

**DERRICK E. ROSSER**

By Counsel

/s/ Brian P. Clarke
Jeffrey H. Geiger (VSB No. 40163)
Brian P. Clarke (VSB No. 96920)
SANDS ANDERSON PC
919 East Main Street, Suite 2300 (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: jgeiger@sandsanderson.com
*Counsel for Rosser Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of August, 2026, I will electronically file the foregoing using the Court's CM/ECF system, and I will mail a copy to the following non-CM/ECF user:

Evelyn Roselle Benton
1817 Pump Road
Henrico, VA 23238
Plaintiff *pro se*

/s/ Brian P. Clarke
Jeffrey H. Geiger (VSB No. 40163)
Brian P. Clarke (VSB No. 96920)
SANDS ANDERSON PC
919 East Main Street, Suite 2300 (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: jgeiger@sandsanderson.com
*Counsel for Rosser Defendants*